UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WON PARK,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAREESE EVONE ELLIOTT,<br><br>        Defendant. | Case No. 16-cv-01155-JSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IFP; REPORT AND RECOMMENDATION AND REASSIGNMENT ORDER** |

    Defendant Chareese Evone Elliott, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Defendant invokes federal subject matter jurisdiction under 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. § 1441 and 1446. (Dkt. No. 1 ¶ 5, 15.) As neither party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

    Because the single claim in the complaint arises exclusively out of state law and the amount in controversy is less than $10,000, the Court lacks federal subject matter jurisdiction over this action. Accordingly, the Court RECOMMENDS that the District Court REMAND this action to state court.

### BACKGROUND

    Plaintiff Won Park ("Plaintiff") initiated this residential unlawful detainer action in Alameda County Superior Court on December 9, 2015. (Dkt. No. 1-1 at 1.) The complaint alleges that Plaintiff is the owner of property located at 2303 82nd Ave., Oakland, CA 94605. (*Id.*) Plaintiff alleges that on or about January 1, 2015 Defendant agreed to rent the premises for a month-to-month term at a rate of $1,505 per month. (*Id.*) Defendant signed a written lease

agreement with Plaintiff. (*Id.*) The state court complaint alleges that a copy of the written agreement was included as an exhibit, but no agreement is included on the docket for this case. (*Id.* at 2.) Plaintiff further alleges that Defendant has failed to surrender possession of the property despite being served with a 3-day notice to pay rent or quit on November 10, 2015. (*Id.*) Plaintiff posted a copy of the notice to pay rent or quit on the premises of the property, gave a copy to a person found residing at the premises, and mailed a copy to Defendant. (*Id.*) Plaintiff seeks past-due rent of $4,025, reasonable attorneys' fees, and holdover damages at a rate of $50 per day since November 1, 2015. (*Id.* at 3.) Defendant removed this case to federal court on March 9, 2016. (Dkt. No. 1.)

## DISCUSSION

### A.    IFP Application

Defendant moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Dkt. No. 2.) The Court finds that Defendant has shown good cause that she is unable to pay the filing fee associated with removing a complaint. Accordingly, the Court GRANTS Defendant's request to proceed IFP.

### B.    Subject Matter Jurisdiction

Having granted Defendant's request to proceed IFP, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an *in forma pauperis* complaint that lacks subject matter jurisdiction. *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987). Even aside from Section 1915 review, the Court has an independent duty to ascertain its jurisdiction and may remand a case sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an

2

1  actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover Bank*, 556
2  U.S. 49, 60 (2009).  The defendant seeking removal "bears the burden of establishing that removal
3  is proper" and the "removal statute is strictly construed against removal jurisdiction."  *Provincial*
4  *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  A case removed
5  to federal court must be remanded back to state court "if at any time before final judgment it
6  appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

7  Here, Defendant does not allege diversity jurisdiction.  Even if she had, however, she has
8  not established that the parties are diverse or that the amount in controversy exceeds $75,000.
9  Indeed, the face of the state court complaint states that the amount demanded is less than $10,000.
10  (Dkt. No. 1-1 at 1.)  Moreover, only non-resident defendants can effect removal based on diversity
11  jurisdiction.  *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus.,*
12  *Inc.*), 393 F.3d 86, 870 (9th Cir. 2004).  Once any "local defendant (a citizen of the forum state)
13  has been served, the action cannot be removed by that defendant, or by any other defendant."
14  *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991).  Here, the
15  complaint alleges that Defendant resides at the subject property, located in Oakland, California,
16  and is therefore a citizen of California.  (Dkt. No. -1 at 1.)  As Defendant is a "local" defendant,
17  removal on diversity grounds is improper on this basis as well.

18  Instead, Defendant asserts that federal question jurisdiction exists.   It is well settled that
19  federal courts do not have federal question jurisdiction over unlawful detainer actions, where
20  federal law does not create the cause of action and the plaintiff's right to relief as to its claims does
21  not depend on a resolution of a question of federal law.  *JP Morgan Chase Bank, N.A. v. Chavez*,
22  No. C 11-5129 PSG, 2011 WL 6760349, at *1 (N.D. Cal. Dec. 5, 2011) (citations omitted), *report*
23  *& recommendation adopted by* 2011 WL 6749057 (N.D. Cal. Dec. 23, 2011); *see also, e.g.*, *Eden*
24  *Housing Mgmt. v. Muhammad*, No. C 07-4325 SBA, 2007 WL 4219397, at *2-3 (N.D. Cal. Nov.
25  28, 2007) (no federal question jurisdiction on the face of an unlawful detainer complaint);
26  *Citibank N.A. v. Ortiz*, No. 08-cv-1301 LAB, 2008 WL 4771932, at *1 (S.D. Cal. Oct. 28, 2008)
27  (same).  Defendant argues that the Court has federal question jurisdiction under the Protecting
28  Tenants from Foreclosure Act ("PTFA"), 12 U.S.C. §§ 5201-5241, which is "essential" to

3

determining whether Defendant had a right of possession, and thus the PTFA presents a "substantial question of [federal] law" for the purposes of federal question jurisdiction. (*See* Dkt. No. 1 ¶ 9.) Not so. "The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction." *U.S. Bank Nat'l Ass'n v. Gilliam*, No. C-12-00837 YGR, 2012 WL 1067669, at *1 (N.D. Cal. Mar. 28, 2012) (citations omitted); *see also Bank of N.Y. v. Guevara-Martinez*, No. C-11-5474 CW, 2012 WL 50077, at *1 (N.D. Cal. Jan. 9, 2012) (holding that because the only possible federal issue involved a defense under the PTFA, federal question jurisdiction is lacking); *Aurora Loan Servs. LLC v. Torres*, No. C-11-3061 EJD, 2011 WL 455158, at *1 (N.D. Cal. Sept. 30, 2011) (same). Therefore, the Court does not have subject matter jurisdiction over this action based on the PTFA.

## CONCLUSION

For the reasons described above, the Court GRANTS Defendant's IFP application. However, as the Court lacks subject matter jurisdiction over this action, the Court RECOMMENDS that the newly assigned district judge REMAND this action to the Alameda County Superior Court.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: March 14, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge